UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BETTY DOUGLAS and JENNIFER GUY | ) ) | CASE NO. 4:14-cv-2621 |
| | ) | |
| | ) | JUDGE BOYKO |
| on behalf of themselves and all others similarly situated, | ) ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| Plaintiffs, | ) ) | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR** |
| vs. | ) ) ) | **CONDITIONAL CERTIFICATION, EXPEDITED OPT-IN DISCOVERY,** |
| J & K SUBWAY, INC. | ) ) | **AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS** |
| Defendant. | ) | |

Plaintiffs Betty Douglas and Jennifer Guy submit this Reply Memorandum in support of their Motion for Conditional Certification, Expedited Opt-In Discovery and Court-Supervised Notice to Potential Opt-In Plaintiffs in this action under Section 216(b) of the Fair Labor Standards Act ("FLSA").

**I.     INTRODUCTION**

Plaintiffs have met the applicable "fairly lenient standard" and made more than the required "modest factual showing" to justify mailing *Hoffmann-La Roche* notice to individuals who were employed by Defendant as unit managers within the last three years. Namely, Plaintiffs have sufficiently alleged that unit managers were uniformly classified by Defendant as exempt, were paid a salary wage, worked over 40 hours per week, and were not paid overtime compensation. **Significantly, Defendant does not dispute any of these facts.**

Defendant claims that the Court should not grant Plaintiffs' Motion because: (1) Plaintiffs and the Opt-In Party Plaintiffs have not established that they were victims of a "common policy or plan that violated the law;" (2) Defendant properly classified Plaintiffs and the Opt-In Party

Plaintiffs as exempt and "summary judgment is the most appropriate mechanism for resolving the matter;" and (3) there is a "burden on employers associated with defending against an FSLA [sic] claim."  However, these factors are based on the mistaken premise that they are relevant at the conditional certification notice stage.  This Court has made clear that Plaintiffs are not required to offer evidence of an unlawful policy of Defendant that violates the FLSA, the merits are irrelevant at the conditional certification stage, and the "burden on employers" is irrelevant at the conditional certification stage.

As discussed below, some of Defendant's arguments may be raised and considered in a summary judgment motion and at the second stage of the FLSA's two-tier, similarly-situated analysis, once notice has been issued, the opt-in period has expired, and discovery has been completed.  It is premature, however, to conclude definitively at this stage – before any discovery has been conducted on the claims – whether Defendant's policy is unlawful and whether summary judgment is appropriate.  Thus, Defendant's arguments do not defeat Plaintiffs' showing that notice is appropriate at this time.

**II.    LAW AND ARGUMENT**

    **A.    <u>Plaintiffs Have Satisfied Their Minimal Burden of Showing That the Potential Opt-In Plaintiffs in this Collective Action are Similarly Situated</u>**

In the present case, more than sufficient information exists to establish that the potential opt-in plaintiffs are similarly situated to Representative Plaintiffs to the extent notice should be given.  First, Representative Plaintiffs sufficiently allege that they and other potential opt-in plaintiffs were employed by Defendant as unit managers, were uniformly classified by Defendant as exempt, were paid a salary wage, worked over 40 hours per week, and were not paid overtime compensation.  Representative Plaintiffs have done so in their Complaint, in their own declarations, and in the declarations of five (5) Opt-In Party Plaintiffs, Heather Adorni, Amy

Condos, Tiffani Muntean, Zachary Taylor and Penrod Jamison, all of whom worked as unit managers. **Again, Defendant does not dispute these facts.**

Courts within the Sixth Circuit have noted that a plaintiff's burden may be satisfied based solely on allegations in a complaint. *Douglas v. GE Energy,* No. 1:07-cv-77, 2007 WL 1341779, *5 (N.D. Ohio April 30, 2007)[1] ; *see also Harrison v. McDonald's Corp*., 411 F.Supp.2d 862, 865 (S.D. Ohio 2005); *Pritchard,* 210 F.R.D. at 595 (S.D. Ohio 2002). Generally, courts make this determination "based only on the pleadings and any affidavits which have been submitted." *Douglas,* at *4. In *Douglas*, the named plaintiff brought overtime misclassification claims similar to those in the present case. The named plaintiff and one potential opt-in plaintiff alleged in affidavits that: (1) their position was non-managerial; (2) their duties were similar to other employees in the same position; (3) they were not paid overtime compensation; and (4) they worked over 40 hours per week. *Id*. at *6. Based solely on these allegations, this Court granted the plaintiff's Motion for Conditional Certification, and stated: **"These allegations and affidavits are sufficient to warrant conditional treatment of the case as a collective action."** *Id*. (emphasis added).

If Representative Plaintiffs were required to provide more evidence than the allegations made in their Complaint, the allegations made in their own declarations, the allegations made in the declarations of five (5) Opt-In Party Plaintiffs, Representative Plaintiffs would be required to conduct a significant amount of discovery before additional, potential opt-in plaintiffs even opt in, and this would completely defeat the purpose of the two-stage certification process. Similarly, Defendant's request to conduct discovery prior to conditional certification would defeat the purpose of the two-stage certification process.

---

[1] Unreported cases are attached as Exhibit 1.

B.  **Plaintiffs Are Not Required to Offer Evidence of an Unlawful Policy In Order to Obtain Conditional Certification**

Defendant argues that an FLSA plaintiff can obtain conditional certification only by establishing that "potential plaintiffs together were victims of a **common policy or plan that violated the law."** *See* Defendant's Opposition at p. 4 (emphasis in original). However, Representative Plaintiffs have in fact identified a common policy or plan that Plaintiffs allege violates the FLSA: "Defendant's practice and policy of misclassifying Plaintiffs and all other similarly-situated employees as exempt violated the FLSA, 29 U.S.C. §§ 201-219." *See* Plaintiffs' Second Amended Complaint, ¶ 32. Representative Plaintiffs define the class of similarly-situated employees as "[a]ll current and former unit managers employed by Defendant J & K Subway, Inc. between December 1, 2011 and the present." *Id*. at 27. It is premature to conclude at this stage – before any discovery has been conducted on the claims – whether the policy was unlawful.

Even if Representative Plaintiffs had not identified a common plan or policy (which they have), this argument has been previously rejected as a basis to thwart conditional certification. In *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), the Sixth Circuit squarely held that at the conditional certification stage of an FLSA collective action, "[s]howing a 'unified policy' of violations is not required." 575 F.3d at 584. *O'Brien* made clear that while an FLSA plaintiff is not required to show "a 'unified policy' of violations," such a showing is one avenue by which conditional certification may be obtained. The Sixth Circuit found that "the plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. But the Court reiterated that "we do not mean to require that all collective actions under § 216(b) be unified by common theories of defendants' statutory violations; however, this is one situation where a group of employees is similarly situated." *Id*.

4

In *McNelley v. Aldi*, this Court recognized that "even at the final certification stage "[s]howing a 'unified policy' of violations is not required." *McNelley v. Aldi, Inc.*, No. 1:09-cv-1868, 2009 WL 7630236, *5 (N.D. Ohio Nov. 17, 2009) (citing *O'Brien,* 575 F.3d at 584). Moreover, in *Douglas*, this Court stated, "it is inappropriate to import into the requirement that plaintiffs be 'similarly situated' an additional requirement that they all have been affected by a single, unitary policy." *Douglas*, 2007 WL 1341779, at *7 (citing *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996)). Thus, Representative Plaintiffs are not required to offer evidence of an unlawful policy in order to obtain conditional certification (although they have).

### C. Defendant's Analysis of the Merits of Plaintiffs' Overtime Claims Is Premature and Inappropriate at the First-Tier Notice Stage

Defendant argues that it properly classified Plaintiffs and the Opt-In Party Plaintiffs as exempt and "summary judgment is the most appropriate mechanism for resolving the matter." *See* Defendant's Opposition at p. 6. Specifically, Defendant argues that an employee may be exempt if his or her "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." *Id*. at 5. However, Defendant provides no declarations that Representative Plaintiffs and the Opt-In Party Plaintiffs performed these duties (which they did not). Additionally, this argument impermissibly ties the first-tier notice stage to the merits of the case.

After discovery and at the summary judgment stage, Defendant will carry the burden of proving that Representative Plaintiffs and the Opt-In Party Plaintiffs qualified for an FLSA exemption based on the actual job duties they performed. *Douglas v. Argo-Tech. Corp.*, 113 F.3d 67, 69 (6th Cir.1997). Defendant will need to show "plainly and unmistakably" that one of the exemptions applies. *Auer v. Robbins*, 519 U.S. 452, 462 (1997) (citing *Arnold v. Ben Kanowsky,*

5

*Inc.*, 361 U.S. 388, 392 (1960)). It is nonsensical that Plaintiffs – who do not carry the burden of proof on the exemption – would have to establish at the first-tier notice stage that their job duties made them non-exempt.

Courts universally recognize that the merits are not considered at the first-tier notice stage of an FLSA collective action. *See Ribby v. Liberty Health Care Corp.*, No. 3:13-CV-613, 2013 WL 3187260, *2 (N.D. Ohio June 20, 2013) ("During the notice stage, courts 'do not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.'"); *McNelley*, 2009 WL 7630236, at *5 ("whether the Store Managers have the primary duty of managing goes to the merits of plaintiff's FLSA claim, and the Court will not consider this issue in determining whether to grant conditional certification"); *Jackson v. Papa John's USA, Inc.*, No. 1:08-CV-2791, 2009 WL 385580, *3 (N.D. Ohio Feb. 13, 2009) ("Whether the Plaintiff's allegations state a claim under the FLSA is a merits determination that is not appropriate at this stage of the litigation"); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 434 (D. Kan. 2007) ("On the motion for conditional certification, however, the Court will not reach the merits of plaintiffs' claim…. Defendant's argument is more appropriately raised in a motion to dismiss or a motion for summary judgment."); *see also White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D.Tenn. 2006) ("motions for conditional certification, unlike motions for summary judgment, do not seek the final disposition of a case on the merits."); *Gieseke v. First Horizon Home Loan Corp.*, 408 F.Supp.2d 1164, 1166 (D. Kan. 2006) ("And in making the [conditional certification] determination, the court does not reach the merits of the plaintiff's claims."); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381,

391 (W.D.N.Y. 2005) ("Defendant also attempts to show that the policy does not violate the FLSA, and that any deductions that have been made from salaried employees' pay were proper. Those matters, however, go to the merits of plaintiff's claims, which are not relevant at this stage."). Thus, the merits of Representative Plaintiffs' claims should not be considered at this stage.

> **D.** **Prejudice is Not a Factor at the Conditional Certification Stage; However, Denying Notice or Delaying a Ruling on Conditional Certification Until Discovery is Taken Would Will Cause Significant Prejudice to the Potential Opt-In Plaintiffs**

Finally, Defendant claims that conditional certification should not be granted because of the "burden on employers associated with defending against an FSLA [sic] claim." *See* Defendant's Opposition at p. 6. However, denying notice or delaying a ruling on conditional certification until after discovery would be highly prejudicial to the potential opt-in plaintiffs, especially in light of the fact that this case is an "opt-in" collective action, and not an "opt-out" Rule 23 class action. As discussed in Plaintiffs' Motion, unlike Rule 23 class actions, the commencement of an FLSA collective action under Section 216(b) does not toll the running of the applicable statute of limitations period for the potential opt-in plaintiffs. Each day the potential opt-in plaintiffs wait to opt in, they may lose their right to join this lawsuit, and the amount of their recovery. As such, time is of the essence for the potential opt-in plaintiffs, and court-supervised notice is necessary for the potential opt-ins to receive the full benefit of the FLSA's collective action mechanism and vindicate their FLSA rights in an economical and efficient manner. Courts have denied pre-conditional certification discovery on this ground. *See Doucoure v. Matlyn Food Inc.*, 554 F. Supp. 2d 369, 374 (E.D.N.Y. 2008) (denying defendant's request for discovery because "early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case" and because the court found there is no prejudice to defendant since the decision will be revisited at the second

7

stage, after conclusion of discovery).

Defendant's request that Plaintiffs' Motion be denied so that Defendant can move for summary judgment should be denied because it would effectively move the case to the second-tier stage. At the notice stage a plaintiff is "not required to prove his entire case." *Wiyakaska v. Ross Gage, Inc.*, 2011 WL 4537010, * 2 (S.D. Ind. Sept. 28, 2011). In *Anderson v. Perdue Farms*, 2007 WL 4554002 (M.D. Ala. Dec. 20, 2007), the court granted the plaintiff's motion to quash notices of deposition and stay discovery that defendant sought to respond to the plaintiff's motion for conditional certification. The court noted that if it permitted discovery, or if extensive discovery had been completed at the time plaintiffs filed their motion, then the court should apply a more rigorous standard for certification. The court noted that "allowing discovery at this stage would effectively move the process to the second stage of the *Hipp* two-tiered approach" and that to be consistent with the approach suggested in *Hipp* it would deny discovery. *Id*. at *2.

As stated by the court in *Leuthold v. Destination Am., Inc.,* 224 F.R.D. 462, 468 (N.D. Ca. 2004) (emphasis added), "beginning with tier one of the analysis is the most equitable means of proceeding.... **should the court bypass tier one entirely, some potential plaintiffs might not become aware of the lawsuit and would not have an opportunity to join the suit.... The potential prejudice to plaintiffs of bypassing tier one thus is significant."**

### III. CONCLUSION

For the reasons identified in Plaintiffs' Motion for Conditional Certification and herein, Plaintiffs respectfully request that the Court conditionally certify the proposed FLSA class and implement a procedure, set forth in the Proposed Order accompanying Plaintiffs' Motion for Conditional Certification, whereby potential opt-in plaintiffs are notified of Plaintiffs' FLSA claims and given an opportunity to join this collective action as party plaintiffs pursuant to 29

U.S.C. § 216(b).

                                 Respectfully submitted,

                                 /s/ Anthony J. Lazzaro
                                 Anthony J. Lazzaro (0077962)
                                 Sonia M. Gassan (0088684)
                                 The Lazzaro Law Firm, LLC
                                 920 Rockefeller Building
                                 614 W. Superior Avenue
                                 Cleveland, Ohio 44113
                                 Phone: 216-696-5000
                                 Facsimile: 216-696-7005
                                 anthony@lazzarolawfirm.com
                                 sonia@lazzarolawfirm.com
                                 Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 14, 2015, a copy of the foregoing *Reply in Support of Plaintiffs' Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

                                 /s/ Anthony J. Lazzaro
                                 One of the Attorneys for Plaintiffs