**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BETTY DOUGLAS, etc., et al.,** | ) | **CASE NO. 4:14CV2621** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **J & K SUBWAY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #16) of Plaintiffs,

Betty Douglas and Jennifer Guy, on behalf of themselves and all others similarly situated, for

Conditional Certification under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b),

Expedited Opt-In Discovery and Court-Supervised Notice to Potential Opt-In Plaintiffs.  For

the following reasons, Plaintiffs' Motion is granted.

**I. BACKGROUND**

Plaintiffs filed their Second Amended Collective Action Complaint (ECF DKT #12)

on December 24, 2014.  They allege that Defendant violated the FLSA by virtue of its

practice and policy of misclassifying Plaintiffs and other similarly-situated employees as

"exempt" employees; not paying them overtime compensation at the rate of one and one-half

times their regular rate of pay for the hours they worked over forty each work week; and

failing to make, keep and preserve records of the hours worked by Plaintiffs and all other

similarly-situated unit managers.

Plaintiffs seek conditional certification of a collective action and court-supervised

notice to current and former unit managers employed by Defendant J & K Subway, Inc.

between December 1, 2011 and the present.

## II. STANDARD OF REVIEW

An employee may bring an action on behalf of himself and other "similarly situated"

employees pursuant to 29 U.S.C. § 216(b).  Unlike typical class actions, each employee

wishing to join the collective action must affirmatively "opt-in" by filing written consent.

29 U.S.C. § 216(b).  District courts have discretion to facilitate notice to potential plaintiffs.

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Before facilitating notice,

courts must determine whether the potential class members are similarly situated under

Section 216(b) of the FLSA.

The Sixth Circuit expressed approval for the two-phase test developed by the district

courts in the Circuit.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).  The

first phase takes place at the beginning of discovery when the court has minimal evidence.  *Id.*

at 546.  In the first phase, courts may grant conditional class certification upon a modest

factual showing sufficient to demonstrate that the putative class members were the victims of

a single decision, policy or plan. *Comer*, 454 F.3d at 547; *Goldman v. RadioShack Corp.*, No. 03-0032, 2003 U.S. Dist. LEXIS 7611, at \*20 (E.D. Pa. Apr. 16, 2003). Plaintiffs must show that their "position is similar, not identical, to the positions held by the putative class members." *Id.* at 546-47. Plaintiffs must only establish some "factual nexus" between the Plaintiffs and the potential class members. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005) (citing *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)).

The second phase occurs once "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. During the second phase, courts have discretion to make a more thorough finding regarding the "similarly situated" requirement. *Id.* at 547. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Douglas v. GE Energy Reuter Stokes*, No. 07-077, 2007 U.S. Dist. LEXIS 32449, at \*14 (N.D. Ohio Apr. 30, 2007) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)).

## III. LAW AND ANALYSIS

Having considered the parties' arguments and the evidence submitted, the Court finds that, at this stage of the proceedings, Plaintiffs have met their "slight" burden and are entitled to conditional certification.

In addition to the allegations in the Second Amended Complaint, the named Plaintiffs and the Opt-In Party Plaintiffs have submitted their Declarations:

Plaintiff Betty Douglas worked for Subway as a unit manager in a Massillon, Ohio

store between approximately November 2013 and March 2014.  (ECF DKT #16-2).  She declares that she was paid a salary and was not paid overtime; that she did not have the authority to hire, fire or promote; that she did not perform office or non-manual work related to management or general business operations; that she did not exercise discretion and independent judgment with respect to matters of significance; and that all of Subway's unit managers are treated similarly and classified as exempt.  *Id.*

Plaintiff Jennifer Guy has worked for Subway as a unit manager at Massillon and Canton, Ohio stores since approximately August 2, 2010.  (ECF DKT #16-2).  She declares that she was paid a salary and was not paid overtime; that she did not have the authority to hire, fire or promote; that she did not perform office or non-manual work related to management or general business operations; that she did not exercise discretion and independent judgment with respect to matters of significance; and that all of Subway's unit managers are treated similarly and classified as exempt.  *Id.*

Opt-In Party Plaintiffs, Heather Adorni, Amy Condos, Tiffani Muntean, Zachary Taylor and Jamison Penrod provided their Declarations also.  (ECF DKT #16-3 & #18-1).  They each declare that they are/were unit managers at Ohio Subway stores; that they were classified as "exempt" from the FLSA; that they were paid a salary; that they were not paid overtime; that they did not have the authority to hire, fire or promote employees; that they did not perform office or non-manual work directly related to management or general business operations; that they did not exercise discretion and independent judgment with respect to matters of significance; and that they are similarly-situated to all of J & K Subway's unit managers.  *Id.*

-4-

Defendant J & K Subway counters that the exemption from the FLSA's overtime requirements for any "employee employed in a bona fide executive, administrative, or professional capacity" is available and has been appropriately applied.  Defendant argues that there is no issue relating to its recordkeeping; that Plaintiffs have not established that they were victims of a "common policy or plan that violated the law;" that the classification of employees as "exempt" is more properly addressed by summary judgment; and that Defendant employer is significantly burdened with defending against an FLSA claim "involving a broadly defined collective group of plaintiffs."

For the Court to consider Plaintiffs "similarly situated," it is enough if their "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct."  *O'Brien v. Ed Donnelly Enterprises*, *Inc*., 575 F.3d 567, 584 (6th Cir. 2009).  The "first stage" or notice standard is "fairly lenient," requiring only that Plaintiffs "submit evidence establishing at least a colorable basis for [their] claim that a class of 'similarly situated' plaintiffs exists."  *Olivo v. GMAC Mortgage Corp*., 374 F.Supp.2d 545, 548 (E.D.Mich. 2004) (internal quotes and citations omitted).

The issues asserted by J & K Subway, contra conditional certification, are not relevant to this early analysis.  At this juncture, "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D.Ohio 2011); see also *White v. Baptist Mem'l Health Care Corp*., 699 F.3d 869, 2012 WL 5392621, at *6 (Nov.6, 2012).

Therefore, the Court finds that Plaintiffs have made the necessary, modest showing of

-5-

a colorable claim that a class of similarly situated plaintiff-employees exists.  The Court further finds that the three-year limitation period governs because the Second Amended Complaint sets forth allegations that the FLSA violations were willful.  (ECF DKT #12, ¶ 25). The parties are on notice that a Collective Action is commenced on the date the Complaint is filed for named Plaintiffs who have filed consents or, for Opt-In Plaintiffs, on the subsequent date on which a written consent is filed.  See 29 U.S.C. § 256.

## IV. CONCLUSION

The Court grants Plaintiffs' Motion (ECF DKT #16) for Conditional Certification under § 216 of the FLSA for the Class defined as follows:  "All current and former unit managers employed by Defendant J & K Subway, Inc. between December 1, 2011 and the present."

On or before March 11, 2015, Defendant shall fully answer Plaintiffs' Expedited Opt-In Discovery, dated January 5, 2015, and shall provide a list containing the name, last known home address (including zip code), and last known telephone number of all current and former unit managers employed by J & K Subway, Inc. between December 1, 2011 and the present.

On or before March 4, 2015, the parties shall submit proposed language for notification and consent forms, for the Court's approval, apprising potential plaintiffs of their rights under the FLSA to opt in as parties to this litigation.  In drafting the proposed language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action."  *Sperling*, 493 U.S. at 174.

While Plaintiffs have met their burden under the lenient standard applicable to the notification phase, the Court will revisit the "similarly situated" requirement once the opt-in forms are submitted.  If the claimants are not similarly situated after further discovery, the Court will decertify the Class and the Opt-In Plaintiffs will be dismissed without prejudice.

**IT IS SO ORDERED.**

<u>**s/ Christopher A. Boyko**</u>
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  February 23, 2015**